NO. 07-06-0161-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 13, 2007
_____

CITY OF DALLAS, APPELLANT

V.

GREG ABBOTT, ATTORNEY GENERAL OF TEXAS, APPELLEE
_____

FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY;

NO. GV202953; HONORABLE STEPHEN YELENOSKY, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**OPINION**

The City of Dallas (City) appeals from the trial court's determination that documents the City sought to withhold from public disclosure under the Public Information Act (PIA) as confidential attorney-client communication are not excepted and, thus, must be disclosed. We affirm the trial court's decision.

Background

On May 16, 2002, the City received a PIA request seeking information relating to the examination process for firemen and police officers. The letter requested

any and all information pertaining to the City of Dallas "Assessment Center Process" for uniform positions of the Dallas Fire and Police Departments . . . [and] any and all memos, directives, documents and communications of meetings of (scheduled or un-scheduled) boards, councils, department heads/staff, and City Managers pertaining to the establishment of the Assessment Center Process.

The City responded on May 22 by seeking clarification of those requested items. Specifically, the City asked, "Are you seeking information regarding specific assessment centers and if so for what time period?" The requestor replied to the City's request on May 28 by sending a second letter. In that letter, the requestor specified:

[t]he time frame and positions I am relating the request for are: the positions of Dallas Fire Rescue Fire Lieutenant and Captain for the year 2000. Additionally, [a]ny written documents on "how Assessment Process was to be administered" for the above positions and time frame. . . [and] [a]n explanation on the "mirroring" of percentages between Fire Prevention and Fire Operations testing for the same time period.

The City, seeking to exclude certain documents from the PIA request, sought an attorney general decision determining whether the specified documents were subject to public disclosure, or whether the City was correct in believing that the documents were excludable from the PIA request. The City's request for an attorney general decision was made on June 10. On August 13, the Attorney General notified the City that it determined that the City failed to timely request a decision from the Attorney General's office,

2

concluding that the City was required to request a decision 10 business days from the initial request of May 16. Further, the Attorney General's office determined that, without a compelling reason to withhold the information from disclosure, the Texas Government Code presumes that all of the requested information is public and subject to disclosure.

The City filed a petition in district court seeking a writ of mandamus against the Attorney General requesting the trial court to order the Attorney General to declare the documents as excepted from public disclosure because of the documents' status as attorney-client communication. The trial court concluded that the attorney general decision was correct in finding that the City had failed to timely request a decision, the documents were attorney-client privileged documents, but that the City had failed to present a compelling reason for excepting the documents from public disclosure. Thus, the trial court denied all relief requested by the City and issued a take nothing judgment. The City now appeals the trial court's judgment. We affirm.

## Timeliness of request for an attorney general decision

A recipient that receives a written request for information it believes is excepted from public disclosure under the PIA, and that it wishes to withhold from public disclosure, must ask for a decision from the Attorney General determining whether the governmental agency is required to disclose the information. See TEX. GOV'T CODE ANN. § 552.301(a) (Vernon Supp. 2006).[1] Such a request for a decision shall be made no later than 10 business days from the date of the request. Id. Courts of Appeals give due consideration

---

[1]Further reference to the Texas Government Code will be by reference to § __.

3

to attorney general decisions even though they are not binding, especially in cases involving public information requests, under which the Attorney General has mandate to determine applicability of exceptions to public disclosure. See Rainbow Group, Ltd. v. Tx. Employment Comm'n, 897 S.W.2d 946, 949 (Tx.App.–Austin 1995, writ denied).

The timeline of activity is not in dispute. The first request for information was made on May 16. When the City sent the requestor a letter seeking clarification on May 22, both parties agreed that the time for requesting an opinion was tolled until the requestor responded on May 28. Further, the parties agree that the City sought an attorney general decision on June 10. Thus, taking into account non-business days and the time tolled when the City was waiting for a response to their clarification letter, the City sought a decision thirteen days from the date of the first request but only nine days from the date of the May 28 letter. Therefore, the issue of timeliness depends on whether the information now sought to be excepted from public disclosure was covered by the original May 16 request, or whether the contested information was first sought by the requestor in the second letter.

Previously, the Attorney General has opined that, if the recipient is not able to determine whether the requested information includes a request for information specifically excepted, then a second letter that clearly notifies the recipient that excepted information is requested shall begin the ten day period in which to seek an attorney general decision. Tex. Att'y Gen. ORD-333 (1982). However, if the information sought to be excluded is covered by the original request, even if broad and vague, any additional correspondence that seeks to clarify or narrow the PIA request will not restart the ten day period. Tex. Att'y

4

Gen. ORD-663 (1999) (an agency seeking to narrow a request does not entitle agency to another ten days to seek an attorney general decision). Hence, the first issue before us is whether the information sought to be excluded from public disclosure was included in the first request.

In Open Records Decision 333 by the Texas Attorney General, the recipient of the request understood the request to be for police blotters which the recipient conceded were public information; however, the police blotters also contained information related to "police contacts" which the recipient sought to exclude. In that decision, the recipient was uncertain whether the request sought the police contact information or simply the other police blotter information. Since the latter communication demonstrated that the recipient was trying to determine whether the requestor was seeking excepted information, the second request was the operative request for deadline purposes. See Tex. Att'y Gen. ORD-333 (1982).

In contrast, if a recipient receives a request that does include a request for excepted material, no additional clarifications or contacts by the requestor will reset the timeline to request an attorney general decision. In Open Records Decision 663 by the Texas Attorney General, the recipient received a request for a broad list of documents. In its correspondence with the requestor, the recipient sought to narrow the request because of the difficulty in complying with such a large request. In that case, the recipient did not indicate that it was unsure whether excepted material was sought in the initial request. Therefore, the Attorney General determined that the recipient sought clarification for its own convenience and determined that the first request was the operative request and

established the time period in which to request an attorney general decision. See Tex. Att'y Gen. ORD-663 (1999).

Likewise, we now review the parties' correspondence to determine the issue of timeliness. In the City's response to the May 16 letter, the City sought clarification of two items; the City's letter does not reference any concern of the request possibly covering privileged document not subject to public disclosure. In reviewing the reporter's record of the trial on the merits before the trial court, the City's position was that by using the language "additionally," that the requestor had broadened his request for information. However, our review of the communication between the parties shows that the requestor's initial request of "any and all information pertaining to the City of Dallas 'Assessment Center Process' for uniform positions of the Dallas Fire and Police Departments" is narrowed by requestor's second letter, not broadened. Specifically, the second letter narrowed the time frame and the employee positions to which it requested information. The requestor's unfortunate use of the word "additionally" did not broaden the scope of the original request; as used in requestor's second letter, the word "additionally" appears to reference the second request narrowing the time frame and employee positions and provides "additional" clarification in response to the City's letter. We conclude that all the information sought by the requestor's second letter was included in the initial request and that the second letter focused the information requested to a specific year and specific positions within the fire department. Hence, the request on May 16 began the time for requesting an attorney general decision for any information that the City believed was

6

excepted from public disclosure. Since the deadline to request such a decision was June 5, the City's June 10 request is untimely.

Exception to Public Disclosure

Next, the City contends that, even if the request for an attorney general decision was untimely, the contested documents are attorney-client communication, privileged and, thus, excepted from public disclosure. At trial, the trial court did not review the documents and, for purposes of the trial, presumed the documents privileged in order to proceed with the trial.[2] The City contends that the status of the documents as attorney-client communication presented compelling reason sufficient to support the withholding of the documents from public disclosure. In contrast, the Attorney General's office contends that the attorney-client privilege alone does not provide a compelling reason and that the City's untimely request for an attorney general decision has waived the privilege.

Whether information is subject to the PIA and whether an exception to disclosure applies to the information are questions of law. See City of Garland v. Dallas Morning News, 22 S.W.3d 351, 357 (Tex. 2000). Under section 552.302 of the Texas Government Code,

> [i]f a governmental body does not request an attorney general decision [within 10 business days] and provide the requestor with [copies of correspondence with the Attorney General's Office] the information requested in writing is presumed to be subject to required public disclosure

---

[2]Since we need not decide whether the documents are privileged, we will also presume the documents are attorney-client communication.

7

and must be released unless there is a compelling reason to withhold the information.

§ 552.302. Having concluded that the City failed to request an attorney general decision within 10 business days, we address whether the City provided sufficient information excepting the requested documents from public disclosure.

Prior to 1999, section 552.302 read: "If a governmental body does not request an attorney general decision . . . the information requested in writing is presumed to be public." Act of May 22, 1993, 73rd Leg., R.S., Ch. 268, § 1, 1993 Tex. Gen. Laws 605 amended by Act of June 18, 1999, 76th Leg. R.S., Ch. 1319, § 21, 1999 Tex. Gen. Laws 4509 (current version at Tex. Gov't Code Ann. § 552.302 (Vernon Supp. 2006). However, after 1999, the section explicitly set out the burden upon the agency that fails to timely request an attorney general decision and stated, "the information requested in writing is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information." Act of June 18, 1999, 76th Leg. R.S., Ch. 1319, § 21, 1999 Tex. Gen. Laws 4509 (amended 2005). Although the statute does not define "compelling reason," the Attorney General's office has stated its belief that a compelling reason sufficient to rebut the presumption of openness may include information that is deemed confidential by some source of law outside the PIA. See Tex. Att'y Gen. ORD-630 (1994). However, Open Records Decision 630 takes the position that, by its failure to timely request an attorney general decision seeking to except certain documents subject to the attorney-client privilege, the recipient has, in effect, waived its right to claim the privilege. Id. The Attorney General contends that the City, in this case, has also failed

to preserve the attorney-client privilege because the City, as the client, has waived its right to maintain the confidentiality of the documents by its late action.

Although an agency may waive attorney-client privilege to protect the confidentiality of documents, the failure to timely make a request for an attorney general decision does not mean that the agency has waived the privilege. However, the burden has shifted to the agency to demonstrate why the information should not be disclosed given that the information is presumed public. See § 552.302. Under the general construct of the Public Information Act, "it is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of their public officials and employees." § 552.001. Further, the Public Information Act is to be "liberally construed in favor of granting a request for information. Id. If a government official or agency seeks to withhold information that it claims is excepted from disclosure, the agency must follow correct procedure; specifically, it must make a request within the time period allowed. During the time that the request is pending, the agency gains the benefit of making a timely request for an attorney general decision by being allowed to withhold the information but is required to notify the requestor of why the information is not being released. § 552.301(e). The agency's failure to make a timely request presumes that the information is public and, hence, available to disclosure. In fact, the failure to make a timely request requires the agency to release the information. § 552.302. However, section 552.302 gives an agency another opportunity to except the information from disclosure, if there is a compelling reason to withhold the information. Id.

Were we to adopt the Attorney General's position that simple failure to timely request a decision waives the City's attorney-client privilege, the City would never have had an opportunity to provide a compelling reason for the untimely request. Likewise, were we to adopt the City's position that simply asserting attorney-client privilege would be sufficient to allow it to withhold information, the City would have no incentive to make a timely request. Under the City's theory, its burden is the same regardless of the timeliness of the request for an attorney general decision. When interpreting a statute, an appellate court considers the entire act, its nature and object, and the consequences that would follow from each construction. See Atascosa Co. v. Atascosa Co. Appraisal Dist., 990 S.W.2d 255, 258 (Tex. 1999). Thus, we conclude that it is not enough to merely show that there is an exception to public disclosure; the governmental body must show that the information falls within one of the statutory exceptions, but must further show how that exception creates a compelling reason to withhold the information. See Simmons v. Kuzmich, 166 S.W.3d 342, 350 (Tex.App.–Fort Worth 2005, no pet.). Thus, in addition to asserting the attorney-client privilege, the City should have provided additional information that would demonstrate a compelling reason to overcome the presumption that the information is subject to public disclosure. Any untimely requests for attorney general decisions that raise the issue of attorney-client privilege should be reviewed on a case by case basis to determine whether additional evidence would demonstrate a compelling reason. See Tex. Att'y Gen. ORD-676 (2002). Our review of the record does not show that the City presented evidence, in addition to its claim that the documents were privileged, that would support its contention that a compelling reason existed to overcome the presumption that the documents were subject to public disclosure.

10

Therefore, although we do not conclude that the City waived its claim of attorney-client privilege by virtue of requesting an attorney general decision untimely, we do conclude that the City failed to provide additional information demonstrating a compelling reason to except documents purporting to contain attorney-client communication.

For the foregoing reasons, we affirm the judgment.


Mackey K. Hancock
                                    Justice