# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-13-00686-CV

---

**Greg Abbott, Attorney General of the State of Texas, Appellant**

**v.**

**City of Dallas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
NO. D-1-GV-10-000836, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

---

### O P I N I O N

Greg Abbott, Attorney General of the State of Texas, (the AG) appeals from the trial court's determination that documents the City of Dallas sought to withhold from public disclosure under the Public Information Act (PIA or the Act) as confidential attorney-client communications are excepted and may be withheld. For the reasons that follow we affirm the trial court's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2010, the City received a PIA request from Timothy S. Perkins for information pertaining to the operation of a landfill owned and operated by the City. On March 30, 2010, the City, seeking to exclude certain documents from the request, sought an opinion from the AG's office as to whether the specified documents were subject to public disclosure or whether the City was correct in believing the documents were protected from disclosure as attorney-client communications. *See* Tex. Gov't Code §§ 552.021 (requiring disclosure of public

information), .301(a) (requiring recipient of request who believes exception applies to ask for decision from attorney general determining whether agency is required to disclose the information). The City sought to withhold the documents under sections 552.101 and 552.107(1) of the PIA. *See id.* §§ 552.101 (exempting information deemed confidential by constitutional law, statutory law, or judicial decision), .107(1) (permitting governmental bodies to assert attorney-client privilege found in Rules of Evidence and Disciplinary Rules of Professional Conduct). The City contended that Rule of Evidence 503 and Disciplinary Rule of Professional Conduct 1.05(b) brought the information within the scope of sections 552.101 and 552.107(1). *See* Tex. R. Evid. 503; Tex. Disciplinary Rules Prof'l Conduct R. 1.05(b), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9).

In Letter Ruling OR2010-08285, the AG did not dispute that the information at issue was protected by the attorney-client privilege but concluded that (1) the attorney-client privilege may not be asserted under section 552.101 and (2) although the privilege may be asserted under section 552.107(1), that section is discretionary and may be waived unless the governmental body complies with the procedural requirements of the PIA. The AG concluded that because the City had failed to comply with the deadline under the Act for requesting an attorney general's opinion within ten business days of receiving the request, the City was required to demonstrate a compelling reason for withholding the information independent of the privileged nature of the information. *See id.* §§ 552.301(b) (requiring governmental body to seek attorney general's opinion no later than 10th business day after receiving written request), .302 (providing that when governmental body does not request attorney general's decision within statutory deadline, information is presumed public and

2

must be released unless there is "compelling reason" to withhold). The AG further concluded that the City had failed to demonstrate a compelling reason to withhold the information and ordered the City to release it.

The City disputed the letter ruling and filed suit against the AG, seeking a determination that the information consists of privileged attorney-client communications and is not subject to disclosure. *See id.* § 552.324 (governmental body may file suit against attorney general in Travis County for declaratory relief seeking to withhold information). The City reasserted its position that the information was exempt under sections 552.101 and 552.107(1) and argued that confidentiality under the attorney-client privilege and the harm to the City's bargaining position in a multimillion-dollar long-term transaction are compelling reasons to withhold the information. The parties filed cross-motions for summary judgment. The trial court denied the AG's motion and granted the City's motion, ordering that the information was excepted from public disclosure and awarding the City costs of litigation.[1] *See id.* § 552.323(b) (providing court may award fees to party that substantially prevails). In a letter issued simultaneously with its opinion, the trial court explained its ruling and stated its conclusion that the attorney-client privilege is an inherently compelling reason to withhold disclosure. This appeal followed.

---

[1] Perkins, the requesting party, intervened but did not file a motion for summary judgment or respond to the other parties' motions. His claims were dismissed in the trial court's final judgment. He is not a party to this appeal.

## APPLICABLE LAW

**The Public Information Act**

In 1973, the Texas Legislature enacted what is now the PIA. *See generally* Act of May 17, 1973, 63d Leg., R.S., ch. 424, §§ 1–16, 1973 Tex. Gen. Laws 1112, 1112–18; *see also City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 355 (Tex. 2000) (plurality op.). The Act's purpose is to provide public access "at all times to complete information about the affairs of government and the official acts of public officials and employees." Tex. Gov't Code § 552.001. "The Act mandates a liberal construction to implement this policy and one favoring a request for information." *See City of Garland*, 22 S.W.3d at 356. Upon receiving a request for information, a governmental body's public information officer must promptly produce public information for inspection, duplication, or both. Tex. Gov't Code § 552.221(a). The PIA defines public information as any information that is "collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business" "by a governmental body[] or for a governmental body and the governmental body owns the information or has a right of access to it." *Id.* § 552.002(a)(1), (2). Certain information is specifically excepted from required disclosure. *Id.* §§ 552.101–.154 (Subchapter C).

If a governmental body believes that the requested information is excepted from disclosure, and if there has been no previous determination on the subject, the Act requires the governmental body to state the exceptions it believes apply and request an opinion from the attorney general not later than the tenth day after receiving the request. *Id.* § 552.301(a), (b); *City of Garland*, 22 S.W.3d at 356. If the governmental body does not timely request an attorney general's opinion,

4

the information is presumed public and must be released unless there is a compelling reason to withhold it. Tex. Gov't Code § 552.302; *City of Dallas v. Abbott*, 304 S.W.3d 380, 381 (Tex. 2010). If the attorney general rules that the PIA does not exempt the information from disclosure or that a governmental body that has failed to timely request an opinion has not demonstrated a compelling reason to withhold the information, the public information officer must make it available to the requesting party or seek a judicial determination that the information does not have to be disclosed. Tex. Gov't Code §§ 552.302, .324; *City of Garland*, 22 S.W.3d at 356. In an action brought under section 553.324 of the Act, the court may assess costs of litigation and reasonable attorney's fees incurred by a party who substantially prevails. Tex. Gov't Code § 552.323(b).

**Standard of Review**

Because the parties do not dispute the relevant facts, this is a proper case for summary judgment. *See City of Garland*, 22 S.W.3d at 356. We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When the trial court does not specify the grounds for granting the motion, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland*, 22 S.W.3d at 356; *Abbott v. Dallas Area Rapid Transit*, 410 S.W.3d 876, 879 (Tex. App.—Austin 2013, no pet.). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine all questions presented, and if we determine that the trial

5

court erred, render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

The AG's issues require us to construe the PIA. In general, matters of statutory construction are questions of law that we review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). "Specifically, whether information is subject to the Act and whether an exception to disclosure applies to the information are questions of law." *City of Garland*, 22 S.W.3d at 357. Our primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). "We generally avoid construing individual provisions of a statute in isolation from the statute as a whole[,]" *Texas Citizens*, 336 S.W.3d at 628, we must consider a provision's role in the broader statutory scheme, *see 20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008), and we presume that "the entire statute is intended to be effective[,]" Tex. Gov't Code § 311.021(2).

## DISCUSSION

In his first issue, the AG argues that the trial court erred in holding that the information at issue is excepted from disclosure because the City did not timely request an attorney general's opinion and then failed to demonstrate a compelling reason for withholding the information as required under the PIA when the deadline for requesting an opinion is missed. *See* Tex. Gov't

6

Code §§ 552.301(b), .302. The AG does not dispute that the information consists of communications protected by the attorney-client privilege. Rather, at the core of the AG's position is the premise that the attorney-client privilege must be raised under section 552.107(1), which permits governmental bodies to assert the attorney-client privilege found in the Rules of Evidence and the Disciplinary Rules of Professional Conduct, and cannot be asserted under section 552.101, which exempts information deemed confidential by constitutional law, statutory law, or judicial decision. *See id.* §§ 552.101, .107(1). Citing only prior attorney general's decisions, the AG contends that statutory exceptions, such as that in section 552.107(1), cannot be raised through section 552.101 and that discovery privileges, such as the attorney-client privilege, are not "constitutional law, statutory law, or judicial decision" within the meaning of section 552.101.

The distinction the AG draws between exceptions raised under section 552.101 and those raised under section 552.107(1) is founded on the AG's division of exceptions into two categories: (1) those that use the express terms "confidential" or "confidentiality," including section 552.101 (the "confidentiality exceptions"), and (2) all others. According to the AG, the "confidentiality exceptions" make information expressly confidential under law, are mandatory, and cannot be waived. *See, e.g.*, *id.* §§ 552.101, .109, .110, .1175, .1176, .119, .121; *see also id.* § 552.352(a) (making it criminal offense to distribute confidential information). Because governmental bodies have no discretion to release information made confidential by law, the AG contends, when a governmental body fails to comply with the deadline in section 552.301(b), confidentiality exceptions may be compelling reasons to withhold information if the governmental body shows that the information falls within the exception.

7

On the other hand, the AG reasons, exceptions that do not use the terms confidential or confidentiality, including section 552.107(1), are discretionary and can be waived by failure to comply with the procedural requirements of the PIA. *See, e.g., id.* §§ 552.103, .104, .105, .106, .107; *see also id.* § 552.007 (providing that PIA does not prohibit voluntary disclosure unless disclosure is expressly prohibited by law or information is confidential under law). The AG concludes that these exceptions in and of themselves, therefore, cannot constitute compelling reasons, and a governmental body claiming exemption under one of these exceptions that misses the deadline under section 552.301(b) must demonstrate an *independent* compelling reason to withhold the information.

Applying this distinction here, the AG argues as follows: Because a client may waive the attorney-client privilege, it is discretionary, and because Rule of Evidence 503 and Disciplinary Rule of Professional Conduct 1.05(b) do not make information confidential for purposes of section 552.101, the City may not assert the privilege under that exception. Instead, the City must assert it under section 552.107(1). Because section 552.107(1) protects a governmental body's interests, it is discretionary and is waived by a governmental body's failure to comply with the procedural requirements of the PIA. When the City failed to meet the deadline under section 552.301(b), the information was presumed public unless it could demonstrate a compelling reason to withhold the information. *See id.* §§ 552.301(b), .302. Because section 552.107(1) cannot constitute a compelling reason, the City cannot merely assert the attorney-client privilege but must demonstrate

8

an independent compelling reason to withhold the information. Having failed to do so, the City has waived the exception under section 552.107(1) and must disclose the information.[2]

In arguing that the attorney-client privilege may be asserted only under section 552.107(1), and not under section 552.101, the AG relies solely on prior attorney general's opinions. *See, e.g.*, Tex. Atty. Gen. OR2002-676 (acknowledging that prior to 1990, AG's office construed predecessor to section 552.101 to incorporate attorney-client privilege); Tex. Atty. Gen. OR1990-575. Although opinions of the attorney general may be persuasive, they are not binding on courts of appeals. *In re Smith*, 333 S.W.3d 582, 588 (Tex. 2011). In its opinions, the AG has consistently concluded that "information considered confidential by law, either constitutional, statutory, or by judicial decision" under section 552.101 refers to law outside the PIA but does not include information that falls within the attorney-client privilege. We do not find the attorney general's construction of section 552.101 persuasive. Although there is no case in which this issue has been squarely presented, the supreme court in *City of Garland* considered whether the PIA's agency memorandum exception incorporates the deliberative process and exempted the memorandum at issue. *See* 22 S.W.3d at 354, 259–60 (applying section 552.111 of the PIA). In an explanatory footnote, the supreme court stated, "Section 552.101 of the Texas Public Information Act exempts information considered confidential by law, *including information falling under the*

---

[2] The AG has long taken the position that a compelling reason exists when the information is made expressly confidential by law or when disclosure would implicate the interests of a third party. *See, e.g.*, Tex. Att'y Gen. OR2002-676; Tex. Att'y Gen. OR1994-630. On that basis, the AG rejects the City's argument that the policy supporting the attorney-client privilege is a compelling reason or that, in the alternative, the avoidance of harm to the City's bargaining position in a multimillion-dollar long-term transaction is a compelling reason.

*attorney-client privilege.*" *Id.* at 360 n.5 (emphasis added).[3] At the time the supreme court made this remark concerning the application of section 552.107 to attorney-client privilege information, section 552.107(1) had been added to the PIA. *See* Act of Apr. 30, 1993, 73d Leg., R.S., ch. 268, § 1, sec. 552.107, 1993 Tex. Gen. Laws 583, 600, *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 1035, § 7, sec. 552.107, 1995 Tex. Gen. Laws 5127, 5131. Thus, the existence of the exception for attorney-client information under section 552.107 did not preclude the supreme court's statement that the same information falls within section 552.101.

While this statement of the supreme court in *City of Garland* was not necessary to the determination of the case, such dictum has precedential value when it is classified as judicial dictum. *See Tracker Marine, L.P. v. Ogle*, No.14-00-00230-CV, 2000 Tex. App. LEXIS 7169, at *14 (Tex. App.—Houston [14th Dist.] Oct. 26, 2000, no pet.) (mem. op., not designated for publication). We find this straightforward statement of the supreme court's reading of section 552.101 persuasive, and it therefore guides us to conclude that the attorney-client privilege may be asserted under section 552.101. "As an intermediate appellate court, we are not free to mold Texas law as we see fit . . . ." *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.). Judicial restraint compels us to leave it to the supreme court to reverse or modify its prior statements and conclusions. *Lubbock Cnty. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) (only supreme court may reevaluate and modify prior decisions).

---

[3] The Fort Worth Court of Appeals has reached the same conclusion. *See Hart v. Gossum*, 995 S.W.2d 958, 963 n.2 (Tex. App.—Fort Worth 1999, no pet.) (stating "the 'information considered to be confidential by law' catch-all provision of section 552.101 certainly includes information governed by the attorney-client privilege").

Further, in *In re City of Georgetown*, 53 S.W.3d 328 (Tex. 2001), the supreme court's discussion of what the terms "law" and "other law" encompass informs our decision. In that case, the supreme court was called upon to construe section 552.022 of the PIA. Section 552.022 provides that certain categories of public information are "not excepted from required disclosure unless made confidential under this chapter or other law," meaning law other than the PIA. *See* Tex. Gov't Code § 552.022(a) (creating category of information commonly referred to as "core public" or "superpublic" information); *In re City of Georgetown*, 53 S.W.3d at 331. The specific issue before the court was whether the term "other law" includes the work product and consulting expert privileges contained in the Rules of Civil Procedure. *See id.* In construing "other law," the supreme court also discussed the meaning of "law" and the rules of evidence and procedure:

> The term "other law" is not limited to other statutes. The commonly understood meaning of "law" includes judicial decisions and rules promulgated by the judiciary, such as rules of procedure and evidence. Although we know of no case in which this Court has had occasion to construe the term "other law" when used in a statute, we have said that our rules of procedure "have the same force and effect as statutes." Indeed, before this Court adopted rules of civil procedure and evidence, much of the law governing evidence and court procedures was contained in statutes. In 1939, when the Legislature by statute "conferred upon and relinquished" to this Court full rule-making power, it thereby acknowledged our authority to make the law governing civil procedure and evidence. The law of civil procedure and evidence did not become any less "law" simply because it moved from legislated statutes to judicially promulgated rules.

*Id.* at 332 (citations and footnotes omitted). The supreme court went on to conclude that "[t]he Texas Rules of Civil Procedure and the Texas Rules of Evidence are 'other law' within the meaning of section 552.022" and that the expert's report at issue was "'expressly made confidential' under the rules of civil procedure." *Id.* at 336. The supreme court's analysis of the meaning of "law" in

11

construing the term "other law" in *In re City of Georgetown* further supports the analogous conclusion here that the Rules of Evidence and the Disciplinary Rules of Professional Conduct are "law" outside the PIA within the meaning of section 552.101. To hold otherwise would seem to make "regular" information, such as that protected by the attorney-client privilege, more accessible than "superpublic" information under section 552.022. *See* Tex. Gov't Code § 552.022.

We are aware that the AG distinguishes the attorney-client privilege on the basis that, "[u]nlike most other situations where information is made confidential by some source of law outside the [PIA], the attorney-client privilege, as incorporated into section 552.107(1)" can be waived. *See* Tex. Atty. Gen. OR1994-630. In other words, the AG contends that because the attorney-client privilege can be waived, it cannot fall under a mandatory exception. However, we are not persuaded that the fact that the attorney-client privilege may be waived is determinative of whether attorney-client information falls within the purview of section 552.101. As we have already noted, the supreme court has concluded that "law" outside the PIA includes the Rules of Evidence and the Rules of Civil Procedure and has expressly stated that the attorney-client privilege falls within the purview of section 552.101—notwithstanding its waivable nature. *See In re City of Georgetown*, 53 S.W.3d at 336; *City of Garland*, 22 S.W.3d at 360 n.5. It is also worth noting that the AG's argument would subject the attorney-client privilege to waiver under the PIA for failure to file a request within ten days, whereas the Rules of Evidence and Civil Procedure have recognized the importance of the attorney-client privilege by developing safeguards that allow for the cure of inadvertent disclosure. *See, e.g.*, Tex. R. Civ. P. 199.3(d) (permitting party to "clawback" or retrieve materials inadvertently produced and maintain privilege); Tex. R. Evid. 512 (providing that privilege

12

is not defeated by disclosure erroneously compelled or made without opportunity to claim privilege). In light of the plain language of section 552.101 exempting information considered confidential under constitutional or statutory law or judicial decision and the supreme court's guidance on the application of section 552.101, we conclude that section 552.101 exempts from disclosure information that is protected by the attorney-client privilege. *See* Tex. Gov't Code § 552.101; *In re City of Georgetown*, 53 S.W.3d at 336; *City of Garland*, 22 S.W.3d at 360 n.5.

**Compelling Reason**

Once a governmental body fails to meet the deadline under section 552.301(b) for requesting an attorney general's opinion, the information is presumed public unless there is a compelling reason to withhold it. *See* Tex. Gov't Code § 552.302. The AG has concluded that section 551.101 provides a compelling reason to overcome the presumption of openness following a governmental body's failure to meet the deadline in section 552.301(b) if the governmental body establishes that the information falls within that exception. *See, e.g.*, Tex. Att'y Gen. OR2009-12873 (stating section 552.101 can provide compelling reason to withhold information, considering district attorney's arguments under section 552.101 even though he failed to comply with section 552.301(b), but concluding information was not confidential on basis asserted under section 552.101). We agree. *See In re Smith*, 333 S.W.3d at 588.

The AG does not dispute that the submitted information falls within the attorney-client privilege and that the City has not otherwise waived the privilege under the Rules of Evidence, the Rules of Civil Procedure, or the Disciplinary Rules of Professional Conduct. *See* Tex. R. Evid. 503 (establishing attorney-client privilege), 511 (providing for waiver of privilege by

13

voluntary disclosure), 512 (providing that privilege is not defeated by disclosure erroneously compelled or made without opportunity to claim privilege); Tex. R. Civ. P. 193.3(d) (permitting party to "clawback" or retrieve materials inadvertently produced and maintain privilege); Tex. Disciplinary Rules Prof'l Conduct R. 1.05(a) (defining "confidential information" to include privileged information protected by Rule of Evidence 503), (b) (generally prohibiting attorney from knowingly disclosing confidential client information). Because the City has shown, and the AG has not contested, that the submitted information is subject to the attorney-client privilege, it therefore falls within section 552.101, and is not subject to disclosure. *See In re City of Georgetown*, 53 S.W.3d at 336; *City of Garland*, 22 S.W.3d at 360 n.5; *cf. Doe v. Tarrant Cnty. Dist. Attorney's Office*, 269 S.W.3d 147, 155 (Tex. App.—Fort Worth 2008, no pet.) (proof that governmental body is prohibited by statute from disclosing information and that information is therefore exempt under section 552.101 is compelling reason).

This conclusion is consistent with the policies behind the attorney-client privilege and the PIA. Notwithstanding the goal of the PIA of providing full access to governmental information, *see* Tex. Gov't Code § 552.001, the Act nonetheless excepts information covered by the attorney-client privilege, the "oldest of privileges for confidential communications known to the common law," *see Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). And while the privilege can be voluntarily waived, as the trial court observed, our jurisprudence has seen fit to develop procedural safeguards against circumstances in which a party inadvertently waives the attorney-client privilege simply by missing a deadline. *See, e.g.*, Tex. R. Civ. P. 193.3(d); *In re Certain Underwriters at Lloyd's London*, 294 S.W.3d 891, 904 (Tex. App.—Beaumont 2009, orig.

14

proceeding) (per curiam) (under Rule 193.3(d), party who fails to diligently screen documents before producing them does not waive claim of privilege and rule was intended to restrict waiver in variety of situations that might arise from inadvertent disclosure of privileged documents) (citing comment to Rule 193.3(d)); *In re JDN Real Estate-McKinney L.P.*, 211 S.W.3d 907, 921 (Tex. App.—Dallas 2006, orig. proceeding) (evidence that party failed to diligently screen documents was not evidence that it intended to waive attorney-client privilege or evidence of undue delay in asserting "clawback" under Rule 193.3(d)); *In re Hicks*, 252 S.W.3d 790, 794–95 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (assignment of rights and claims that did not expressly waive attorney-client privilege did not act as waiver of privilege). Even the lower court in *City of Dallas*, on which the AG heavy relies, expressly did not find that the city had waived the attorney-client privilege, only that it had not shown a "compelling reason" to withhold the information.[4]  *See City of Dallas v. Abbott*, 279 S.W.3d 806, 811–12 (Tex. App.—Amarillo 2007), *rev'd on other grounds*, 304 S.W.3d 380 (Tex. 2010).

Nor do we believe that including attorney-client information under section 552.101 eliminates the incentive for a governmental body to request an attorney general's opinion. Reading section 552.101 to include attorney-client information creates no more a disincentive to comply with the PIA than already exists with regard to any other information excepted under section 552.101.

---

[4]  The AG relies on *City of Dallas*, in which the Amarillo Court of Appeals held that after missing the section 552.301(b) deadline, the City was required to demonstrate a compelling reason independent of the attorney-client privilege. *See City of Dallas v. Abbott*, 279 S.W.3d 806, 811 (Tex. App.—Amarillo 2007), *rev'd on other grounds*, 304 S.W.3d 380 (Tex. 2010). However, in that case there is no discussion of which section of the PIA formed the basis of the City's claim of attorney-client privilege, and the court did not address the application of section 552.101. We do not find *City of Dallas* controlling.

In all instances under section 552.101, a governmental body needs to establish that the information at issue falls within the section, i.e., that the information is not subject to disclosure. It also needs to seek rulings so that it can assert additional exceptions in the event the AG concludes section 552.101 does not apply and so that it can avoid the possibility of defending a mandamus action. *See* Tex. Gov't Code § 552.321 (providing that requestor or AG may seek mandamus to compel disclosure).

Because we conclude that attorney-client information falls within the purview of section 552.101 and that the City has demonstrated a compelling reason to withhold the information by establishing that it is protected by the attorney-client privilege and is therefore excepted by section 552.101, we overrule the AG's first issue. We therefore do not reach the AG's second issue, in which it seeks attorney's fees as the substantially prevailing party in the event we reverse the trial court.

## CONCLUSION

Having overruled the AG's first issue, we affirm the trial court's judgment.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin
    Dissenting Opinion by Chief Justice Jones

Affirmed

Filed:   December 23, 2014

16