# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00686-CV

**Greg Abbott, Attorney General of the State of Texas, Appellant**

**v.**

**City of Dallas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GV-10-000836, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## DISSENTING OPINION

I respectfully dissent.

I agree with the well-reasoned opinion of the Amarillo Court of Appeals in *City of Dallas v. Abbott*, 279 S.W.3d 806 (Tex. App.—Amarillo 2007), *rev'd on other grounds*, 304 S.W.3d 380 (Tex. 2010). There, the court held that the mere fact that requested materials constitute attorney-client communication is not enough, by itself, to demonstrate a "compelling reason" to withhold disclosure under section 552.302 of the Government Code. *Id.* at 810-12. In the present case, the City presented no evidence whatsoever that a disclosure of the materials would harm third parties and only vague, speculative evidence that the City itself could be harmed. For all intents and purposes, the City relied exclusively on the fact that the materials arguably fell within the attorney-client privilege. I do not believe that is enough. Accordingly, I do not believe the City met its burden of conclusively showing a "compelling reason" for nondisclosure.

The majority relies on a statement contained in a footnote in *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 360 n.5 (Tex. 2000). But not only was the referenced statement dictum (as the majority concedes), it was dictum in a plurality opinion. Plurality opinions have virtually no precedential value. *See University of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 176-77 (Tex. 1994).

I would reverse the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed: December 23, 2014

2