

## NUMBER 13-13-00614-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

KEN PAXTON, ATTORNEY
GENERAL OF TEXAS,                                      Appellant,

v.

CITY OF LIBERTY, TEXAS,                                  Appellee.

---

### On appeal from the 53rd District Court
### of Travis County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Longoria

Ken Paxton,[1] in his official capacity as the Texas Attorney General ("the AG"),

---

[1] This suit was originally brought in the name of the Hon. Greg Abbott, the Texas Attorney General. Pursuant to Rule 7.2, we automatically substitute the name of his successor in that office, the Hon. Ken Paxton. *See* TEX. R. APP. P. 7.2.

appeals the portion of the trial court's order granting partial summary judgment to appellee the City of Liberty, Texas ("the City"). We reverse and render judgment for the AG.

## I. BACKGROUND[2]

The City received a request under the Texas Public Information Act (PIA) to disclose any city records demonstrating that a specific phone number belonged to an officer of the City of Liberty Police Department. *See* TEX. GOV'T CODE ANN. §§ 552.001–.353 (West, Westlaw through 2013 3d C.S.). The request sought the records of all calls made by that number in the preceding six months. The City timely requested a decision from the AG regarding whether the requested information fell under two exceptions from disclosure: the statutory exception in section 552.108 for information related to ongoing criminal cases and the common-law informer's privilege. *See id.* § 552.108(a)(1); *Aguilar v. State*, 444 S.W.2d 935, 937 (Tex. Crim. App. 1969) (discussing the common-law informer's privilege). The City provided the requestor a written notice that it had sought a ruling from the AG that the information was within an exception and included a copy of the written comments that it submitted to the AG. However, the City redacted a portion of the background section and the entirety of the analysis section of its comments.

The AG issued an open records letter ruling in response to the City's request. *See* TEX. ATT'Y GEN. OR2011-19068 ("the Ruling"). The Ruling first found that the phone records were public information to the extent that the records related to the official business of the City. The AG reasoned that even though the phone number in question related to the officer's personal phone, he used it for official city business and received a

[2] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

stipend from the City to partially defray the cost of the phone bill. Next, the Ruling found that the City did not comply with the PIA because it overredacted the copy of the comments that it provided to the requestor. Because the City did not comply, the requested information was public information and must be disclosed unless the City had a compelling reason for withholding it. *See* TEX. GOV'T CODE ANN. § 552.302 (providing, in relevant part, that if the governmental body seeking to withhold the requested information does not provide the requestor with a written notice that a ruling has been requested from the AG and a copy of the comments submitted to the AG, the information requested is presumed subject to disclosure absent a "compelling reason"). Third, the Ruling concluded that the exceptions to disclosure in section 552.108 for information related to ongoing criminal cases and the common-law informer's privilege did not rise to the level of compelling reasons to withhold the information. However, the Ruling also concluded that any of the phone records relating to the officer's personal information were not public information and did not need to be disclosed.[3] *See id.* § 552.117(a)(2) (providing that information is excepted from disclosure if it relates to the home address, home telephone number, emergency contact information, or social security number of a peace officer, among others).

The City filed a timely petition for declaratory judgment seeking relief from compliance with the part of the Ruling that the portion of the phone records relating to the official business of the City must be disclosed. *See id.* § 552.324(a)(2) (permitting a governmental body to seek declaratory relief from compliance with an open records decision of the AG). The parties filed cross-motions for summary judgment. The City

---

[3] The portion of the Ruling concluding that the City may redact any part of the phone records relating to the officer's personal information is not at issue in this case.

argued in its motion that it did not overredact its comments, that phone numbers pertaining to ongoing criminal cases were excepted from disclosure under section 552.108(a)(1), and that the phone numbers of informants were excepted from disclosure under the common-law informer's privilege. The AG argued that the information should be released in accordance with the Ruling.

The trial court issued a judgment granting in part and denying in part both motions. The trial court concluded: (1) the cellular telephone numbers of peace officers employed by the City and the corresponding names are not excepted from public disclosure and should be released; (2) "the City of Liberty's correspondence to the Attorney General requesting an opinion in this matter is not excepted from public disclosure and shall be released to the requestor"; and (3) the phone records are not exempt and should be released to the requestor except for the "phone numbers of victims and witnesses as well as police informants who reported a violation of a criminal or civil statute." Only the AG filed a notice of appeal.[4]

## II. APPLICABLE LAW

The legislature enacted the PIA and its predecessor statutes with the purpose of ensuring public access to governmental information. *Thomas v. Cornyn*, 71 S.W.3d 473, 480 (Tex. App.—Austin 2002, no pet.). Under the PIA, information that is "collected, assembled or maintained . . . in connection with official business" by a governmental body is public information subject to disclosure under the PIA. TEX. GOV'T CODE ANN.

---

[4] In its brief on appeal, the City reargues that it did not overredact the copy of its submission to the AG that it provided to the requestor. However, because the City did not file a notice of appeal as to the trial court's adverse ruling on that point, we have jurisdiction to address only the issues raised by the AG. *See* TEX. R. APP. P. 25.1; *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding) (holding that the requirement to timely file notice of appeal is jurisdictional); *In re Estate of Figueroa-Gomez*, 76 S.W.3d 533, 536 (Tex. App.—Corpus Christi 2002, no pet.) (same).

§ 552.002(a)(1). We interpret the PIA liberally to implement this policy and to favor of a request for information. *Abbott v. City of Dallas*, No. 03-13-00686-CV, ___ S.W.3d ____, 2014 WL 7466736, at *2 (Tex. App.—Austin Dec. 23, 2014, no pet. h.). We interpret exceptions to disclosure narrowly and in favor of disclosure. *Tex. State Bd. of Chiropractic Examiners v. Abbott*, 391 S.W.3d 343, 347 (Tex. App.—Austin 2013, no pet.).

The PIA provides for the following procedure when a governmental body receives a written request to disclose information that it wishes to withhold and believes to be within one of the statutory exceptions to disclosure. The governmental body must state the exception(s) it believes applies and timely request a ruling from the AG. TEX. GOV'T CODE ANN. § 552.301(a). The governmental body must provide to the requestor a written statement to the effect that it believes the requested information to be within an exception and that it has requested a decision from the AG and provide a copy of the written comments that the governmental body submitted to the AG. *Id.* § 552.301(d)(1), (2), (e-1). If the communications to the AG contain the requested information, the copy provided to the requestor may be redacted. *Id.* § 552.301(d)(2). If the governmental body does not comply with these requirements, the requested information "is presumed to be subject to public disclosure and must be released unless there is a compelling reason to withhold the information." *Id.* § 552.302; *see City of Dallas*, 2014 WL 7466736, at *2.

The AG's open-records rulings have long explained that "a compelling reason exists when third-party interests are at stake or when information is confidential under other law." *Jackson v. Tex. Dep't. of Pub. Safety*, 243 S.W.3d 754, 758 (Tex. App.—Corpus Christi 2007, pet. denied) (citing TEX. ATT'Y. GEN. OR2007-08326); *accord City of*

5

*Dallas*, 2014 WL 7466736, at \*4 n.2; *Doe v. Tarrant County Dist. Attorney's Office*, 269 S.W.3d 147, 154–55 (Tex. App.—Fort Worth 2008, no pet.). Although not binding, we give AG opinions "due consideration," especially in cases involving the Open Records Act. *Jackson*, 243 S.W.3d at 758 (citing *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 504 (Tex. App.—Fort Worth 2001, pet. denied)).

### III. STANDARD OF REVIEW

We review a grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, both parties move for summary judgment on the same issue, and the trial court denies the motions in part and grants them in part, we consider all the summary-judgment evidence presented by the parties, determine all questions presented, and render the judgment the trial could should have rendered. *See Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *Valence*, 164 S.W.3d at 661. A trial court's determination whether requested information is public and subject to disclosure is a question of law that we also determine de novo. *Tex. Dep't of Pub. Safety v. Abbott*, 310 S.W.3d 670, 673 (Tex. App.—Austin 2010, no pet.).

### IV. DISCUSSION

#### A. Issue One

By his first issue, the AG argues that the exception to disclosure of information if "release of the information would interfere with the detection, investigation, or prosecution of a crime" in section 522.108(a)(1) and the common-law informer's privilege do not rise

to the level of a "compelling reason" to release the City from the duty to disclose. *See* TEX. GOV'T CODE ANN. § 552.108(a)(1); *Aguilar*, 444 S.W.2d at 937 (discussing the informer's privilege). The AG reasons that both exceptions may be waived, and therefore do not expressly make information confidential by law. *See* TEX. ATT'Y GEN. ORD-177 (1977) (ruling that the section 552.108 exception may be waived); TEX. ATT'Y GEN. ORD-549 (1990) (same, for common-law informer's privilege); *see generally* TEX. GOV'T CODE ANN. § 552.007 (providing that nothing in the PIA prevents a governmental body from releasing information unless it "is expressly prohibited by law or the information is confidential under law."). Furthermore, the AG argues that there is no evidence to support the City's contention that either exception protects third party interests, and as a result, the trial court erred by holding that the City was not required to disclose phone records relating to crime victims, witnesses, or informants.

We agree with the AG. The City had the burden to show both an exception to disclosure and a compelling reason to withhold the information, but it has made no effort to establish a compelling reason to withhold the requested information apart from the fact that the information falls within the exceptions it asserted.[5] *See Doe*, 269 S.W.3d at 153–54 (holding that "whether an exception applies is a different inquiry than whether there is a compelling reason to withhold information and that the governmental actor must do both in order to withhold information"). The City argued that there is a compelling reason to withhold the requested information because releasing it "could result in the City being unable to prosecute certain criminals" and that "witnesses and victims have a third party interest in making sure that the criminals do not discover that they have met with police,"

---

[5] The City does not argue that either exception expressly makes information confidential.

7

but neither of these assertions show that other law makes the requested information confidential or that releasing the information implicates the legal interests of third parties. *See City of Dallas*, 2014 WL 7466736, at *4 n.2; *Jackson*, 243 S.W.3d at 758.  Admittedly, the Texas Supreme Court has decided that the common law expressly makes information confidential if releasing it "would create a substantial risk of physical harm."  *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 118 (Tex. 2011).  But, as we explain under the AG's second issue below, appellant did not assert this theory to the trial court.[6]   *See* TEX. R. CIV. P. 166a(c) (providing that courts may not consider a ground for reversal of summary judgment an issue not presented to the trial court in the motion).  In sum, because the City failed to carry its burden to demonstrate that a "compelling reason" prevented it from disclosing the requested information, we conclude that the trial court erred in granting partial summary judgment to the City.  We sustain the AG's first issue.

## B.  Issue Two

By his second issue, the AG argues that the trial court erred to the extent that it granted partial summary judgment to the City on the basis of the constitutional privacy doctrine or the common-law physical safety exception because the City did not plead either ground in its cross-motion for summary judgment.  As a general rule, a "court cannot grant summary judgment on grounds that were not presented" to the trial court in the motion.  TEX. R. CIV. P. 166a(c) (providing that the motion for summary judgment "shall state the specific grounds therefor" and that "[i]ssues not expressly presented to the trial

---

[6] In any event, the City's assertions to the trial court are likely insufficient to establish the common-law rule announced in *Cox Newspapers* that requires "detailed evidence or expert testimony" that revealing information "substantially threatens harm."  *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 119 (Tex. 2011).  As the Court explained, "vague assertions of risk will not carry the day."  *Id.*

court by written motion, answer or other response shall not be considered on appeal as grounds for reversal"); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002). Because appellant's motion for summary judgment did not raise either the common-law physical safety exception or the constitutional privacy doctrine, we agree that the trial court erred to the extent that it based its grant of partial summary judgment to the City on these grounds. *See Johnson*, 73 S.W.3d at 204. We sustain the AG's second issue.

## V. CONCLUSION

We reverse the portion of the trial court's judgment granting summary judgment to the City to the extent that it permitted the City to withhold the phone numbers that related to the official business of the City. We render judgment for the AG.

NORA L. LONGORIA
Justice

Delivered and filed the
26th day of February, 2015.