# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00668-CV

**The City of San Antonio, Appellant**

**v.**

**Greg Abbott, Texas Attorney General, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GV-09-000920, HONORABLE TIM SULAK, JUDGE PRESIDING**

## O P I N I O N

The City of San Antonio appeals from the trial court's summary judgment declaring that the City must disclose its police department's call-for-service and dispatch logs that were requested under the Texas Public Information Act (PIA). *See generally* Tex. Gov't Code §§ 552.001-.353. The City contends that the information is privileged and confidential because it "relates to a motor vehicle accident reported under . . . [C]hapter [550]" of the Transportation Code. Tex. Transp. Code § 550.065(a)-(b). The City sued the Attorney General for declaratory relief from the Attorney General's ruling that the information is not excepted from mandatory disclosure and must be released, *see* Tex. Gov't Code § 552.324, and for declaratory relief under the Uniform Declaratory Judgments Act (UDJA) regarding its rights, status, and obligations under Section 550.065 of the Transportation Code, *see generally* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011.

The City and the Attorney General filed competing motions for summary judgment. The trial court granted the Attorney General's motion and denied the City's motion. We will reverse and render.

## ANALYSIS

The City challenges the final judgment in two issues, asserting that (1) information related to motor-vehicle accidents reported under the Transportation Code is privileged and confidential and (2) the City is entitled to declaratory relief from compliance with the Attorney General's ruling and is not required to release the requested information. These two issues are intertwined. We can only determine whether the City is required to comply with the Attorney General's ruling by construing Section 550.065 of the Transportation Code.

### Standard of review

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and if we find that the trial court erred, we render the judgment that the trial court should have rendered. *Id.* at 356-57.

The PIA's purpose is to provide public access to complete information about government affairs and the official acts of public officials and employees. Tex. Gov't Code § 552.001(a); *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011). In

2

support of this purpose, the PIA directs that it be liberally construed in favor of disclosure of requested information. *See* Tex. Gov't Code § 552.001; *Jackson*, 351 S.W.3d at 293. When public information is requested from a governmental entity, it must be promptly produced for inspection, duplication, or both, unless the PIA specifically excepts it from disclosure. *See* Tex. Gov't Code §§ 552.221 (requiring prompt production of public information), .101-.153 (establishing specific exceptions). If no previous determination has been made about the requested information, and the governmental entity contends that a PIA exception applies, the governmental entity must seek a decision from the attorney general about whether the exception applies to the requested information. *See id.* § 552.301. If the attorney general determines that the requested information must be disclosed to the requestor, the governmental entity may seek declaratory relief from compliance with the decision. *See id.* § 552.324.

The governmental entity has the burden of proving in a judicial proceeding that an exception to disclosure applies. *Texas Dep't of Pub. Safety v. Abbott*, 310 S.W.3d 670, 673-74 (Tex. App.—Austin 2010, no pet.). Exceptions to the PIA should be construed narrowly. *See Arlington Indep. Sch. Dist. v. Texas Att'y Gen.*, 37 S.W.3d 152, 157-58 (Tex App.—Austin 2001, no pet.) (citing *City of Garland*, 22 S.W.3d at 364). Under PIA Section 552.101, information is excepted from disclosure "if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code § 552.101.

In this case, the City asserts that the requested information is "confidential by law," based on the confidentiality provision in Section 550.065 of the Transportation Code. We must construe the Transportation Code and the PIA to determine whether the statutory exception applies.

In general, matters of statutory construction are legal questions, and "[s]pecifically, whether information is subject to the [PIA] and whether an exception to disclosure applies to the information are questions of law" that we review de novo. *City of Garland*, 22 S.W.3d at 357; *see also State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) (explaining that appellate review of legal question of statutory construction is de novo). Our primary objective when construing statutes is to give effect to the Legislature's intent, which we seek first and foremost in the text of the statute. *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631-32 (Tex. 2008). The plain meaning of the text is the best expression of legislative intent, unless a different meaning is apparent from the context or application of the plain language would lead to absurd results. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). When a statute's words are unambiguous, "it is inappropriate to resort to rules of construction or extrinsic aids to construe the language." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008).

**Section 550.065 of the Transportation Code**

Section 550.065 provides that information that "relates to a motor vehicle accident reported under . . . [C]hapter [550]" is privileged and for the confidential use of the Department of Transportation and certain governmental entities.[1] Tex. Transp. Code § 550.065(a)-(b). The

---

[1] Very shortly after the Attorney General issued its ruling that the PIA requires the City to disclose the requested information, the 81st Legislature enacted an amendment to Section 550.065. That amendment added another provision that allows the Department to disclose certain information that it compiles, but that specifically prohibits the Department from releasing personal information or information that would allow a person to satisfy the requirements of Subsection (c)(4) for the release of information for a specific motor-vehicle accident. That provision is not at issue in this suit, so we refer to the current version of the statute, except where noted, for convenience.

4

Department and governmental entities may only release the information related to reported accidents in certain limited circumstances. *Id.* § 550.065(b)-(c). Of particular relevance in this case, the Department or governmental entity must release the information to a person who provides it with at least two of the following pieces of information: (1) the date of the accident; (2) the specific address or the highway or street where the accident occurred; or (3) the name of any person involved in the accident. *Id.* § 550.065(c)(4). It is undisputed that the requestor, the Texas Weekly Advocate, did not provide two of the three required pieces of information when requesting the police department's logs, instead seeking information about all accidents or all calls for service on a given day. The requested call-for-service and dispatch logs contain two of the pieces of information required to obtain accident reports or other related information, however—the dates and specific addresses of accidents.

The City requested a ruling from the Attorney General after receiving daily requests for surveys of its electronic database of all reported accidents for specific days and daily requests for all calls for service for specific days. The City contends that the plain meaning of the phrase, "information that . . . relates to a motor vehicle accident" in Section 550.065, includes *any* information regarding accidents reported under Chapter 550 and encompasses the information found in the requested logs. The Attorney General argues that, as determined in the letter ruling issued by the Open Records Division, "the phrase, 'related to a motor vehicle accident,' in [Transportation] Code § 550.065(a) applies only to the accident reports themselves and does not encompass and make confidential other information *just because it is related to reported accidents*." (Emphasis added.) Instead, the Attorney General asserts that the legislative history of Section

5

550.065 demonstrates that the Texas Legislature intended only the accident reports themselves to be considered privileged and confidential.

The plain meaning of the phrase "relates to" is "to have a connection with, to refer to, or to concern." *Texas Dep't of Pub. Safety*, 310 S.W.3d at 674-75. In ordinary use, the phrase "relates to" is very broad. The Legislature's use of the phrase, "information that . . . relates to a motor vehicle accident" reported under Chapter 550, has the effect of broadening the scope of Section 550.065 to render more than the actual accident reports confidential. *See id.* at 675 (determining that DVDs containing video recorded by security cameras in a Texas Capitol hallway were confidential because information on them "relates to the specifications, operating procedures or location of a security system used to protect public or private property from an act of terrorism").

We must presume that the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind. *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Thus, we must presume that the Legislature chose such a broad formulation purposely. The Legislature did not limit the scope of the confidentiality established under Section 550.065 to either the accident reports themselves or to defined categories of information. The statutory language used by the Legislature is unambiguous in its broad scope.

The Attorney General argues that following the plain meaning of the text in this case would lead to nonsensical or absurd results and that a contrary intention is apparent from the context—but only by examining the 77th Legislature's amendment of a prior version of Section 550.065. The Attorney General contends that because the 77th Legislature deleted references to specific categories of information that "relate[] to a motor vehicle accident" when enacting the

6

version of the statute at issue here, it leads to an absurd result to conclude that the Legislature

intended the phrase, "information that . . . relates to a motor vehicle accident" reported under Chapter

550, to mean anything except the actual accident reports.[2] We do not turn to statutory construction

aids, such as former statutory provisions or legislative history, unless the absurd result or contrary

intention is apparent from an application of the plain meaning of the statute's language. *See Molinet*,

356 S.W.3d at 414. No absurd result or contrary intention is apparent here. The Legislature used

unambiguous language that encompasses more than the actual accident reports required to be filed

---

[2] Before the 77th Legislature deleted references to specific categories of information, Section 550.065 was entitled "RELEASE OF ACCIDENT REPORTS AND CERTAIN INFORMATION RELATING TO ACCIDENTS" and Subsection (a) read as follows:

> (a)  This section applies only to information that is held by the department or another governmental entity and relates to a motor vehicle accident, including:
>
> > (1)  information reported under this chapter, Section 601.004, or Chapter 772, Health and Safety Code;
> >
> > (2)  information contained in a dispatch log, towing record, or a record of a 9-1-1 service provider; and
> >
> > (3)  the part of any other record that includes information relating to the date of the accident, the name of any person involved in the accident, or the specific location of the accident.

Act of May 29, 1997, 75th Leg., R.S., ch. 1187, § 13, 1997 Tex. Gen. Laws 4575, 4582.

After the 77th Legislature's amendment, Section 550.065 was entitled "RELEASE OF CERTAIN INFORMATION RELATING TO ACCIDENTS" and Subsection (a) read as follows: "(a) This section applies only to information that is held by the department or another governmental entity and relates to a motor vehicle accident reported under this chapter or Section 601.004." Act of May 25, 2001, 77th Leg., R.S., ch. 1032, § 5, 2001 Tex. Gen. Laws 2281, 2282. This is the version of Subsection (a) that was in effect at the time the Attorney General issued its letter ruling and the City filed its suit.

under Chapter 550. The Attorney General's contention that the deletion of specific categories of information means the Legislature intended a narrowing, rather than a broadening, of the information rendered confidential does not persuade us otherwise. Had the Legislature intended only accident reports to be confidential, it would have said so.[3]

As part of its summary-judgment evidence, the City submitted under seal representative samples of the two categories of requested information. Both samples contain the same information: date, incident number, time, unit, problem nature, and location. The only difference is that one log includes records of all calls received for police service on a particular date, not just accidents.[4] City employees responsible for responding to requests for public information and for overseeing the handling of motor-vehicle accident reports attested to how calls for service are received, officers are dispatched to respond, and information concerning the calls is entered into the police department's computer database. If the call involves an accident that the responding officer is required to report under Chapter 550, the accident report is linked in the system to all the data gathered about the incident beginning with the initial call for service. Thus, the information in the database responsive to the requests necessarily relates to reported motor-vehicle accidents.

We conclude that the requested information is confidential under Section 550.065 of the Transportation Code and the City is not required by the PIA to disclose it. We sustain the City's two issues presented on appeal.

_____

[3] Similarly, we do not consider the parties' arguments about whether a prior version of the statute was held unconstitutional by a trial court and whether the Legislature responded to that ruling because we find that Section 550.065 is unambiguous. *See* Tex. R. App. P. 47.1.

[4] The City disclosed the information responsive to the requests for all calls for service after redacting the information related to reported accidents.

**Evidence excluded by the trial court**

In addition to seeking declaratory relief under the PIA from compliance with the Attorney General's letter ruling, *see* Tex. Gov't Code § 552.324, the City sought more general declaratory relief regarding its rights, status, and obligations under Section 550.065 of the Transportation Code, *see* Tex. Civ. Prac. & Rem. Code § 37.004(a). In particular, in a supplement to its summary-judgment motion, the City submitted additional summary-judgment evidence related to a later request it received for all information related to police-initiated tows, including responsive towing records that it submitted under seal. According to the bill of exception prepared by the City, the parties stipulated that these towing records were not subject to the challenged letter ruling. Instead, the City asserted that it sought a declaration regarding the confidentiality of these records under the UDJA, not the PIA. The trial court did not admit the records. It based its summary-judgment ruling only on the records subject to the challenged letter ruling and ordered that the City "shall disclose the information at issue (call for service and dispatch logs of the City's police department) to the Requestor." To the extent that the City argues that the trial court erred by not admitting these towing records as summary-judgment evidence and ruling on their confidentiality under Section 550.065, we disagree.

The City acknowledges in its appellate brief that the excluded records are not the subject of an effective PIA request. Without a pending request for these records, there is no controversy requiring judicial determination of whether the records are protected under Section 550.065 of the Transportation Code. *See City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 240 (Tex. 2011) (explaining rule "that a declaratory judgment action may lie only where there is a 'substantial

9

controversy involving genuine conflict of tangible interests'" and quoting *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995)). Accordingly, we hold that the trial court correctly refused to consider these records and determine whether they are protected under Section 550.065. Because the records are not part of the summary-judgment record, we have not reviewed them to determine whether they "relate[] to a motor vehicle accident" reported under Chapter 550.

## CONCLUSION

Having determined that the requested information is privileged and confidential under Section 550.065 of the Transportation Code, we reverse the trial court's judgment and render the judgment it should have rendered—a declaration that the City need not comply with the Attorney General's ruling regarding the requested information.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Rendered

Filed: April 10, 2014