# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00747-CV

**Stephen B. Tyler, Criminal District Attorney Victoria County, Texas, Appellant**

**v.**

**Ken Paxton, Attorney General of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-09-003476, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Stephen B. Tyler, Criminal District Attorney of Victoria County, Texas (the DA) appeals from the trial court's determination upholding the ruling of the Attorney General of Texas,[1] (the AG) that documents the DA sought to withhold from public disclosure under the Public Information Act (PIA or the Act) as confidential attorney-client communications and work product are not excepted from disclosure under any exception in the PIA and must be disclosed. Faced with competing motions for summary judgment, the trial court denied the DA's motion and granted the AG's motion, ordering that the information is not excepted from disclosure. For the reasons that follow, we affirm the trial court's denial of the DA's motion for summary judgment and reverse the trial court's grant of the AG's motion for summary judgment.

---

[1] At the time of the ruling, Greg Abbott was the Attorney General of Texas. Abbott's successor, Ken Paxton, has been automatically substituted as a party defendant. *See* Tex. R. Civ. P. 7.2(a).

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 5, 2010, the DA received a PIA request from Richard Wetzel for information related to services rendered or to be rendered to the DA's office by certain specified attorneys. The DA assigned assistant district attorney Michael Kelly to review the request and file an appropriate response. The DA maintains that on Friday, June 19, 2009, Kelly called Wetzel to clarify the request and on that same date,[2] seeking to exclude certain documents from the DA's response to the request, Kelly sought an opinion from the AG's office as to whether the specified documents were subject to public disclosure or whether the DA was correct in believing the documents were protected from disclosure. *See* Tex. Gov't Code §§ 552.021 (requiring disclosure of public information), .301(a) (requiring recipient of request who believes exception applies to ask for decision from attorney general determining whether agency is required to disclose the information). For what the DA calls "reasons unknown," the DA's letter requesting an attorney general's opinion was postmarked Monday, June 22, 2009, rather than Friday, June 19, 2009.

On June 26, 2009, the DA submitted to the AG a copy of the request, written comments stating why certain exceptions applied, and representative samples of the information requested. *See id.* § 552.301(e). Relevant to this appeal, the DA sought to withhold documents as protected by the attorney-client and work product privileges and invoked sections 552.101, 552.103, and 552.107 of the PIA. *See id.* §§ 552.101 (exempting information deemed confidential by

---

[2] The AG challenges whether this statement of fact is properly before us on the ground that it is not supported by the summary judgment evidence. However, because it is not dispositive we recite it as part of the statement of facts.

constitutional law, statutory law, or judicial decision), .103 (exempting information about litigation or settlement negotiations involving a governmental entity and incorporating the attorney work product privilege), .107(1) (permitting governmental bodies to assert attorney-client privilege found in Rules of Evidence and Disciplinary Rules of Professional Conduct).

In Letter Opinion OR2009-12873, the AG did not dispute that the information at issue was protected by the attorney-client or work product privileges but concluded that because the DA had failed to comply with the deadline under the Act for requesting an attorney general's opinion within ten business days of receiving the request, he was required to demonstrate a compelling reason to withhold the information. *See id.* §§ 552.301(b) (requiring governmental body to seek attorney general's opinion no later than 10th business day after receiving written request), .302 (providing that when governmental body does not request attorney general's decision within statutory deadline, information is presumed public and must be released unless there is "compelling reason" to withhold). The AG further concluded that because sections 552.103 and 552.107 are discretionary exceptions that may be waived, they do not constitute compelling reasons, and the DA had waived his claims under those sections by failing to comply with the procedural requirements of section 552.301(b) or demonstrate a compelling reason.[3] Finally, the AG concluded that section 552.101 can provide a compelling reason but did not consider the DA's claimed exceptions for attorney-client and work product privileges under section 552.101.

---

[3] In his request for an attorney general's opinion, the DA offered no basis as a compelling reason other than the attorney-client and work product privileges.

3

The DA sought declaratory relief from the AG's ruling, asserting, relevant to this appeal, that the information is protected by Texas Rule of Evidence 503, Texas Rule of Professional Conduct 1.05, and Texas Rule of Civil Procedure 192.5. *See id.* § 552.324 (governmental body may file suit for declaratory relief against attorney general seeking to withhold information). The parties filed cross-motions for summary judgment. The trial court denied the DA's motion and granted the AG's motion, ordering that the information is not excepted from disclosure. This appeal followed.

## APPLICABLE LAW

**The Public Information Act**

The purpose of the PIA is to provide public access "at all times to complete information about the affairs of government and the official acts of public officials and employees." Tex. Gov't Code § 552.001. "The Act mandates a liberal construction to implement this policy and one favoring a request for information." *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). Upon receiving a request for information, a governmental body's public information officer must promptly produce public information for inspection, duplication, or both. Tex. Gov't Code § 552.221(a). Certain information is specifically excepted from required disclosure. *Id.* §§ 552.101–.154.

If a governmental body believes the requested information is excepted from disclosure, and if there has been no previous determination on the subject, the Act requires the governmental body to state the exceptions it believes apply and request an opinion from the attorney general not later than the tenth day after receiving the request. *Id.* § 552.301; *City of Garland*, 22 S.W.3d at 356. If the governmental body does not timely request an attorney general's opinion,

4

the information is presumed public and must be released unless there is a compelling reason to withhold it. Tex. Gov't Code § 552.302; *City of Dallas v. Abbott*, 304 S.W.3d 380, 381 (Tex. 2010). If the attorney general rules that the PIA does not exempt the information from disclosure or that a governmental body that has failed to timely request an opinion has not demonstrated a compelling reason to withhold the information, the public information officer must make it available to the requesting party or seek a judicial determination that the information does not have to be disclosed. Tex. Gov't Code §§ 552.302, .324; *City of Garland*, 22 S.W.3d at 356. The governmental body has the burden of proving in a judicial proceeding that an exception to disclosure applies. *City of San Antonio v. Abbott*, 432 S.W.3d 429, 431 (Tex. App.—Austin 2014, pet. filed).

**Standard of Review**

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When the trial court does not specify the grounds for granting the motion, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland*, 22 S.W.3d at 356; *Abbott v. Dallas Area Rapid Transit*, 410 S.W.3d 876, 879 (Tex. App.—Austin 2013, no pet.). Neither party can prevail because of the other's failure to discharge its burden. *Nexstar Broad., Inc. v. Fidelity Commc'ns Co.*, 376 S.W.3d 377, 381 (Tex. App.—Dallas 2012, no pet.). When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider the summary judgment evidence presented by both sides, determine

all questions presented and, if we determine that the trial court erred, render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

The DA's issues require us to construe the PIA. In general, matters of statutory construction are questions of law that we review de novo. *See Railroad Comm'n of Tex. v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). "Specifically, whether information is subject to the [PIA] and whether an exception to disclosure applies to the information are questions of law." *City of Garland*, 22 S.W.3d at 357. Our primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). "We generally avoid construing individual provisions of a statute in isolation from the statute as a whole[,]" *Texas Citizens*, 336 S.W.3d at 628, we must consider a provision's role in the broader statutory scheme, *see 20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008), and we presume that "the entire statute is intended to be effective[,]" Tex. Gov't Code § 311.021(2). "Construction of a statute must be consistent with its underlying purpose and the policies it promotes." *Northwestern Nat'l Cnty. Mut. Ins. Co. v. Rodriguez*, 18 S.W.3d 718, 721 (Tex. App.—San Antonio 2000, pet. denied).

**DISCUSSION**

**Good Faith Defense**

In his first issue, the DA asks this Court to imply a good faith defense to his failure to meet the strict requirement of section 552.301(b). He relies on summary judgment evidence that he ordered Kelly to comply with the requirements of the Act and did not knowingly or intentionally waive the attorney-client and work product privileges. He points outs that the letter requesting an attorney general's opinion was dated timely, which he contends proves that the postmark dated the following business day was inadvertent. He further contends that because he met the deadline in section 552.301(e) to provide the AG with comments and representative samples of the information sought to be withheld, the AG was not delayed in processing his request and, accordingly, there was no harm. Thus, the DA argues that because he acted in objective good faith to comply with the requirements of section 552.301 and because there was no delay in processing his request and no harm caused by the inadvertent lateness by one business day, it would be an irrational interpretation to conclude that he did not timely request an attorney general's opinion and would cause an unjust and unreasonable result. From a policy standpoint, the DA argues that applying a good faith defense to the section 552.301(b) deadline would not remove a governmental body's incentive to timely request a ruling because a good faith defense requires proof of diligence.

The AG argues that there is no good faith defense in the plain language of the statute. Under the PIA, a request is timely if it is sent by U.S. mail or common or contract carrier and if (1) it bears a timely postmark or receipt mark or (2) the person required to submit the request provides satisfactory proof that it was timely deposited in the mail or with a carrier. Tex. Gov't

7

Code § 552.308(a). Thus, the AG argues, the statute does not define timeliness based on a finding of good faith. He contends that if the legislature had intended to provide flexibility in the deadline, it could have used such language as "within a reasonable time," "substantial compliance," "harmless error," or "due diligence." *See, e.g.*, *id.* § 552.221(a) ("'promptly' [produce] means as soon as possible under the circumstances, that is, within a reasonable time without delay"). According to the AG, the legislature chose instead to establish mandatory deadlines for compliance with the PIA's procedures.

Relying on the plain language of section 552.301(b) and construing the Act as a whole, we decline to read into section 552.3-1(b) a good faith defense to a governmental body's failure to meet the deadline contained in section 552.301(b). *See Texas Citizens*, 336 S.W.3d at 628; *Marks*, 319 S.W.3d at 663; *Pochucha*, 290 S.W.3d at 867. Section 552.301(b) does not expressly include a "good faith" defense for failure to comply with the deadline or contain any similar language by which we might reasonably infer such a standard. *See* Tex. Gov't Code § 552.301(b). Nor are we persuaded by the DA's argument, relying on *City of Dallas*, 304 S.W.3d 380, that the supreme court is "moving toward greater reliance on using good faith in evaluating open records cases." In *City of Dallas*, the supreme court addressed the effect that a request for clarification of a request under the PIA has on the ten-day deadline in section 552.301(b). *See id.* at 381; Tex. Gov't Code § 552.222. Because the Act is silent as to the effect of request for clarification, the supreme court construed the PIA as a whole and held that when a governmental body acting in good faith requests clarification, the ten-day period to request an attorney general's opinion is measured from the date the request is clarified. *See City of Dallas*, 304 S.W.3d at 381, 384. We decline to extend

8

the good faith analysis applied in *City of Dallas* to the express mandatory deadline under section 552.301(b) where the DA concedes he did not meet the unambiguous deadline and where there is no evidence of any written or oral request for clarification from Wetzel. *See* Tex. Gov't Code § 552.301(b); *Pochucha*, 290 S.W.3d at 867. We overrule the DA's first issue.

**Attorney-Client and Work Product Privilege Information**

In his second and third issues, the DA argues in the alternative that even if we conclude there is no good faith defense to his failure to meet the statutory deadline, the trial court erred in finding that the attorney-client and work product privileges are not intrinsically compelling reasons for withholding the information under section 552.302. However, the DA did not assert these arguments as a ground for summary judgment. As movant, the DA had the burden to show that an exception applies. *See City of San Antonio*, 432 S.W.3d at 431. He also had to prove that he timely filed a request for an attorney general's opinion or that, even though his request was untimely, there is a compelling reason to withhold the information. *See* Tex. Gov't Code §§ 552.301(b), .302. He did neither. In his motion for summary judgment, the DA merely asserted that his request was timely and that the privileges apply to the information. However, his own summary judgment evidence established that the request was untimely, and as discussed above, we decline to infer a good faith defense to a late request. Having failed to meet the deadline in section 552.301(b), the DA had the burden under the express provisions of the PIA to demonstrate a compelling reason for withholding the information. *See id.* § 552.301(b), .302; *Pochucha*, 290 S.W.3d at 867.

Taking the position that his request was timely, the DA argued only that the information was protected by the privileges *but not that the privileges themselves*—or any other basis—constituted

9

a compelling reason for withholding the information. He did not even address the requirement to demonstrate a compelling reason to withhold the information. "[A]n appellate court cannot 'read between the lines, infer or glean from the pleadings or the proof' any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court [in the motion for summary judgment]." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). Having failed to address the compelling reason requirement of section 552.302, the DA failed to meet his summary judgment burden to prove that he was entitled to judgment as a matter of law, and the trial court, therefore, did not err in denying his motion for summary judgment. *See* Tex. Gov't Code § 552.302; *Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 50 (Tex. 2002) (explaining that party did not meet summary judgment burden where it did not assert or prove facts necessary to establish claim); *Besing v. Smith*, 843 S.W.2d 20, 22 (Tex. 1992) (providing that plaintiff who failed to plead any date of judgment failed to meet summary judgment burden of establishing when limitation period began); *Whittington v. City of Austin*, 174 S.W.3d 889, 905–06 (Tex. App.—Austin 2005, pet. denied) (concluding that city failed to meet summary judgment burden where it submitted no evidence of element of claim).

The DA's failure to affirmatively demonstrate a compelling reason, however, does not necessarily establish that the trial court was correct in granting the AG's motion for summary judgment. *See Nexstar Broad.*, 376 S.W.3d at 381. In his motion for summary judgment, the AG argued that the DA "cannot demonstrate a compelling reason" and sought judgment that "as a matter of law, the District Attorney does not have a compelling reason to withhold the information." We

conclude that the AG has not established as a matter of law that the exceptions asserted by the DA cannot be proven to be compelling reasons.

In his request for an attorney general's opinion, the DA asserted the attorney-client privilege under sections 552.101 and 552.107(1) of the PIA.[4] *See id.* §§ 552.101 (exempting information deemed confidential by constitutional law, statutory law, or judicial decision), .107(1) (permitting governmental bodies to assert attorney-client privilege found in Rules of Evidence and Disciplinary Rules of Professional Conduct). The DA cited Rule of Evidence 503 and Disciplinary Rule of Professional Conduct 1.05(b) as bases for withholding the information under sections 552.101 and 552.107(1). *See* Tex. R. Evid. 503; Tex. Disciplinary Rules Prof'l Conduct R. 1.05(b), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9). The DA also asserted the work product privilege through Rule of Civil Procedure 192.5 and claimed exemption under sections 52.101 and 552.103 of the PIA. *See* Tex. Gov't Code §§ 552.101, .103; Tex. R. Civ. P. 192.5; *City of Garland*, 22 S.W.3d at 360 n.5("Section 552.103 of the Act, which exempts information about litigation or settlement negotiations involving a governmental entity, incorporates the attorney work product privilege.").

The AG has long taken the position that section 552.101 does not encompass discovery privileges because they are discretionary,[5] *see* Tex. Att'y Gen. Op. OR2002-676; Tex. Att'y Gen.

---

[4] Although the DA's letter refers only to section 552.107, subsection (1) is the only applicable provision in section 552.107. *See* Tex. Gov't Code § 552.107(1), (2).

[5] For a discussion of a similar argument concerning "discretionary" and "mandatory" exceptions under the PIA, see *Abbott v. City of Dallas*, ___ S.W.3d ___, No. 03-13-00686-CV, 2014 Tex. App. LEXIS 13734, at *8–10 (Tex. App. —Austin Dec. 23, 2014, no pet. h). In short, the AG argues that only those exceptions that expressly use the word "confidential" are mandatory, cannot be waived, and can constitute compelling reasons while all others are discretionary, may be

Op. OR2010-8285, and therefore addresses the DA's claimed exceptions for the attorney-client and work product privileges only under sections 552.103 and 552.107(1).**6** However, this Court recently held that attorney-client information falls within the purview of section 552.101 and that a governmental body can demonstrate a compelling reason to withhold the information by establishing that it was protected by the attorney-client privilege and is therefore excepted by section 552.101. *See Abbott v. City of Dallas*, ___ S.W.3d ___, No. 03-13-00686-CV, 2014 Tex. App. LEXIS 13734, at *17–18 (Tex. App. —Austin Dec. 23, 2014, no pet. h). Therefore, for the reasons stated in *Abbott*, we conclude that section 552.101 exempts from disclosure information that is protected by the attorney-client privilege and that the AG has failed to establish as a matter of law that the DA cannot demonstrate a compelling reason to withhold the information by establishing that it was protected by the attorney-client privilege and is therefore excepted by section 552.101.**7** *See id.*; *see also In re City of Georgetown*, 53 S.W.3d 328, 336 (Tex. 2001); *City of Garland*, 22 S.W.3d at 360 n.5.

Accordingly, we conclude that neither party is entitled to summary judgment. *See City of Garland*, 22 S.W.3d at 356; *Nexstar Broad.*, 376 S.W.3d at 381. Because our determination as to

waived, and cannot constitute compelling reasons.

**6** The AG takes the position that because those sections are discretionary, cannot be waived, and cannot constitute compelling reasons, a governmental body that misses the deadline under section 552.301(b) cannot merely assert the attorney-client or work product privileges exception but must demonstrate an independent compelling reason to withhold the information. *See, e.g.*, Tex. Att'y Gen. OR2002-676 (deciding that compelling reason exists when the information is made expressly confidential by law or when disclosure would implicate interests of third party); Tex. Att'y Gen. OR1994-630 (same). Thus, the AG argues, the DA, having failed to demonstrate an independent compelling reason, has waived the exception under sections 552.103 and 552.107(1) and must disclose the information.

**7** We see no reason to reiterate this Court's reasoning in *Abbott* at length here. *See* Tex. R. App. P. 47.1 (opinions should be as brief as practicable).

the attorney-client privilege is dispositive, we need not decide whether the work product exception can constitute a compelling reason or reach the DA's fourth issue, in which he argues that the trial court impermissibly shifted the summary judgment burden by not requiring the AG to show there was no harm to a third party. *See* Tex. R. Civ. P. 47.1 (stating that opinions should be as brief as practicable but address every issues raised and necessary to final disposition).

## CONCLUSION

We affirm the trial court's judgment denying the DA's motion for summary judgment, reverse the trial court's judgment granting the AG's motion for summary judgment, and remand for further proceedings consistent with this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed in Part; Reversed and Remanded in Part

Filed:   January 28, 2015

13