Cindy Olson Bourland, Justice, dissenting.
DISSENTING OPINION
I respectfully dissent. The question before us is rooted in the tension between the statutory mandate that the Public Information Act (PIA) be construed liberally in favor of disclosure and an exception to disclosure in the Human Resources Code containing broad language. This mirrors the larger policy tension between transparency in government and protection of individuals' confidential medical information. In this close case, I dissent from the majority because I believe we are ultimately constrained by the broad language of the Human Resources Code and the "claim-specific" nature of the information sought.
The representative sample of requested information includes (among other information) the date of service, procedure code, provider name, and provider zip code for each claim. This information constitutes a nearly complete picture of an individual's received medical service: the when, the what, the by-whom, and the where. The Commission presented evidence that the procedure code can at times also reveal a diagnosis and plan for care, illuminating additional details (the why and the what-next) about specific services provided to a person applying for or receiving assistance. This combination of information as presented in a claim-by-claim format is necessarily information concerning a person applying for or receiving assistance because it describes in detail certain medical procedures beginning and ending with that person. Omitting the person's name and the claim number causes the information to no longer identify the person, but it does not change the information's character as concerning him or her. To interpret "any information concerning" as protecting only information identifying persons applying for or receiving assistance is contrary to the broad language of the statute. Accordingly, I would conclude that the requested information concerns persons applying for or receiving assistance and is therefore protected by Section 12.003.
Section 12.003 states:
Except for purposes directly connected with the administration of the assistance programs of the commission or Department of Aging and Disability Services, as applicable, it is an offense for a person to solicit, disclose, receive, or make use of, or to authorize, knowingly permit, participate in, or acquiesce in the use of the names of, or any information concerning, persons applying for or receiving assistance if the information is directly or indirectly derived from the records, papers, files, or communications of the commission or department or acquired by employees of the commission or department in the performance of their official duties.
Tex. Hum. Res. Code § 12.003(a) (emphasis added). This case turns on the construction of the phrase "any information concerning[ ] persons applying for or receiving assistance," and whether it includes the requested information. See id.
As always, our principal aim in interpreting a statute is to effectuate the Legislature's intent, as indicated by the plain meaning of the text of the statute. Hebner v. Reddy , 498 S.W.3d 37, 41 (Tex. 2016). Because the phrase "any information concerning" follows a specific type of protected information and a disjunctive, "names of, or," it necessarily enlarges the protection *215 to cover more than the names of persons applying for or receiving assistance. See Crosstex Energy Servs., L.P. v. Pro Plus, Inc. , 430 S.W.3d 384, 390 (Tex. 2014) ("We must not interpret the statute 'in a manner that renders any part of the statute meaningless or superfluous.' "). The difficult task is delineating the scope of "any information concerning" to determine if it includes the information requested in this situation. In other words, how much more than names is protected? The majority concludes that "names of" should inform our interpretation of the term "any information concerning," reading it to mean "any information identifying." In contrast, I read "names of, or any information concerning, persons" to identify two separate types of protected information-names of persons and any information concerning persons-as indicated by the use of the disjunctive "or." See City of Lorena v. BMTP Holdings, L.P. , 409 S.W.3d 634, 642 (Tex. 2013) ("the Legislature's use of the disjunctive word 'or' is significant when interpreting statutes"). "[T]he use of the disjunctive conjunction 'or' between the two phrases ... signifies a separation between two distinct ideas." Spradlin v. Jim Walter Homes, Inc. , 34 S.W.3d 578, 581 (Tex. 2000). Therefore, although the two phrases provide context for each other, they are separate. There is no indication the Legislature intended to narrow the definition of "any information concerning" by juxtaposing it with "names of."
As the majority recognizes, the plain meaning of "any information concerning" is broad. Webster's first definition of "concerning" is "relating to." Webster's Third New Int'l Dictionary 470 (2002). Previously, this Court has consistently interpreted the phrase "relates to" as being broad, particularly with respect to PIA exceptions. City of San Antonio v. Abbott , 432 S.W.3d 429, 432 (Tex. App.-Austin 2014, pet. denied) ("In ordinary use, the phrase 'relates to' is very broad. The Legislature's use of the phrase, 'information that ... relates to a motor vehicle accident' reported under Chapter 550, has the effect of broadening the scope of Section 550.065 to render more than the actual accident reports confidential."); Texas Dep't of Pub. Safety v. Abbott , 310 S.W.3d 670, 674-75 (Tex. App.-Austin 2010, no pet.) ("The use of the term 'relates to' has the effect of broadening the scope of section 418.182 to shield more information than just the specifications, operating procedures, and locations."). Consequently, I would interpret the synonymous term "concerning" similarly, concluding that the term, as used in Section 12.003, broadens protection from disclosure beyond information that individually identifies persons applying for or receiving assistance to include the type of claim-specific information presented by the facts of this case.
The statutory context of the text also supports a broader interpretation than that articulated by the majority. In particular, Section 12.003 is a penal provision, not only prohibiting disclosure of information concerning applicants and recipients, but also making disclosure a criminal offense (Class A misdemeanor). See Tex. Hum. Res. Code § 12.001 -.003. In addition, the statute prohibits a broad range of misuse, as it proscribes solicitation, receipt, or use of protected information as well as authorization, knowing permission, participation in, or acquiescence in misuse of the information. See id. Information is protected whether it is derived directly or indirectly from the Commission's records, papers, files, or communications. See id. Thus, viewed in context, a broader reading of "any information concerning" in Section 12.003 comports with the statute's prohibition of any use of information that is derived from the Commission in any way, *216 other than for program purposes, with penal consequences for violations.
Finally, if the Legislature had intended that "any information concerning" mean only that information that is individual to or that identifies the claimant or applicant, it could have expressly indicated that intention in the statute's plain language, as it has done elsewhere. For instance, the Government Code establishes the confidentiality of records of the Employees Retirement System of Texas. See Tex. Gov't Code § 855.115. Specifically, subject to certain enumerated exceptions, "[i]nformation contained in records that are in the custody of the retirement system concerning an individual member, retiree, annuitant, or beneficiary is confidential under Section 552.101, and may not be disclosed in a form identifiable with a specific individual ...." Id. § 855.115(a) (emphasis added). Similarly, the Health and Safety Code makes certain information in Texas's immunization registry confidential. It provides that "information that individually identifies an individual that is received by the department for the immunization registry is confidential and may be used by the department for registry purposes only," and disclosure of "the individually identifiable information of an individual" is prohibited. Tex. Health & Safety Code § 161.0073 (emphasis added). Finally, the Occupations Code expressly delineates between confidential individually-identifying information and non-confidential information:
(b) Confidential information that is acquired by the board and that includes identifying information of an individual or health care provider is privileged and may not be disclosed to any person. Information that may not be disclosed under this subsection includes:
(1) the name and address of a patient or a member of the patient's family; and
(2) the identity of a health care provider that provided any services to the patient or a member of the patient's family.
* * *
(d) Information is not confidential under this section if the information is:
(1) general information that cannot be connected with any specific individual, case, or health care provider; and
(2) presented as aggregate statistical information that describes a single data point.
Tex. Occ. Code § 258.208 (emphasis added). Thus, if the Legislature had intended to protect only information identifying persons applying for or receiving assistance under Section 12.003, it could have done so explicitly, and we must assume that it would have done so. See City of Rockwall v. Hughes , 246 S.W.3d 621, 628 (Tex. 2008) (citing Cameron v. Terrell & Garrett, Inc. , 618 S.W.2d 535, 540 (Tex. 1981) ("It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose ... [and] we believe every word excluded from a statute must also be presumed to have been excluded for a purpose.")); City of San Antonio , 432 S.W.3d at 433 ("The Legislature used unambiguous language.... Had the Legislature intended only [certain information] to be confidential, it would have said so." (citations omitted)); Texas Dep't of Pub. Safety , 310 S.W.3d at 673. Instead, it used the broad phrase "any information concerning," which I would conclude does include the requested information at issue in this case.
The majority also posits that a broader interpretation of Section 12.003 would lead to an absurd result of denying the *217 public access to any information related to claims for Medicaid reimbursement. I disagree that this result would be the inevitable outcome of such an interpretation. In the context of the specific request at issue and the responsive data presented to us in the representative sample, the language of Section 12.003 compels the conclusion that the Legislature intended to protect the requested information that discloses the what, by-whom, where, when, why, and what-next of each medical procedure received by a person applying for or receiving assistance. However, I would not conclude that all Medicaid claim-level information is inaccessible. Certain data contained within the sample provided, such as amount billed and amount paid, certainly have more attenuated connections to persons applying for or receiving assistance than the date of service and procedure code, which may include a diagnosis and treatment plan. But that question is not before this Court today. Based on the specific request and format of the responsive information presented by this case, I cannot conclude that the information must be disclosed. Nor do I see any absurdity in protecting this information. See Texas Lottery Comm'n v. First State Bank of DeQueen , 325 S.W.3d 628, 637-38 (Tex. 2010) ("[W]e do not see how it is an absurdity to construe this clear statutory language to mean what it says."); City of San Antonio , 432 S.W.3d at 433 (plain meaning of statutory text controls unless "the absurd result or contrary intention is apparent from an application of the plain meaning of the statute's language" (citations omitted)). While I certainly recognize that the PIA must be construed liberally in favor of disclosure, we cannot construe so liberally as to ignore the plain meaning of the statute's text and its context. See Public Util. Comm'n of Tex. v. Cofer , 754 S.W.2d 121, 124 (Tex. 1988) ("[W]hen the Legislature has spoken on a subject, its determination is binding upon the courts unless the Legislature has exceeded its constitutional authority.... The courts are not free to thwart the plain intention of the Legislature expressed in a law that is constitutional." (citations omitted)).
For the foregoing reasons, I would affirm the trial court's judgment that the requested information is protected by Section 12.003. Accordingly, I respectfully dissent.